# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OCWEN LOAN SERVICING, LLC,**

        Plaintiff,

-vs-                                              Case No. 6:08-cv-214-Orl-31GJK

**ACCREDITED HOME LENDERS, INC.,** a
successor-in-interest to **AAMES CAPITAL
CORPORATION,**
        Defendant.
_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF OCWEN LOAN SERVICING, LLC'S DISPOSITIVE MOTION FOR SANCTIONS** (Doc. No. 56) |
| **FILED:** | November 5, 2008 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** | |

### I.   BACKGROUND

On February 8, 2008, Ocwen Loan Servicing, LLC (the "Plaintiff") filed a complaint against Accredited Home Lenders, Inc. (the "Defendant") alleging breach of contract and seeking specific performance to force Defendant to repurchase certain residential mortgage loans Defendant bundled and sold into a pool now serviced by Plaintiff that had become "Super Delinquent" within the

necessary time to require Defendant to repurchase them under the contract. Doc. Nos. 1, Doc. No. 56 at 4.[1] On March 25, 2008, without any discovery having been conducted, the Plaintiff filed an Amended Motion for Summary Judgment. Doc. No. 16. On April 29, 2008, the Defendant, pursuant to Rule 56(f), Federal Rules of Civil Procedure, filed its response in opposition to the Amended Motion for Summary Judgment arguing that certain discovery was needed. Doc. No. 24. In support of its response to the Amended Motion for Summary Judgment, the Defendant attached the affidavit of Douglas Minor. Doc. No. 24-2. Mr. Minor's affidavit stated that it "is based on my personal knowledge," and that he "regularly represents [the Defendant] in various matters pending in the southeastern United States." *Id*. at ¶¶ 1-2. Mr. Minor's affidavit stated its purpose was to "set forth certain discovery that [the Defendant] will need to support its defense to [the Plaintiff's] claims. *Id*. at ¶ 2. In paragraph nine of Mr. Minor's affidavit, he states:

> Beginning in or around October of 2006, UBS began providing Aames with a "Watch List." This list contained loans that had allegedly reached Delinquent and/or Super Delinquent status and which therefore would potentially be tendered for repurchase. Throughout 2006 and into 2007, however, UBS – and later US Bank and [the Plaintiff] – provided Aames (and then [the Defendant]) with conflicting, inconsistent and/or incomplete representations about the number of Super Delinquent loans. Moreover, UBS, US Bank and/or [the Plaintiff]: repeatedly failed to provide [the Defendant] with back-up documentation to support their representations regarding the loans tendered for repurchase; removed and added loans to the Watch List; and on at least one occasion erroneously represented that the enumerated loans were the only loans subject to the repurchase demand. In email correspondence and in telephone conversations beginning in September of 2007, Aames/[the Defendant] attempted to clarify the conflicting and inconsistent information it was receiving from UBS, US Bank and [the Plaintiff], but to no avail.

---

[1] According to Plaintiff, "[t]he bundling agreement does <u>not impose costs, interest, attorneys' fees, or any other penalty against [Defendant] for late repurchase or litigation to force repurchase</u>. . . ." Doc. No. 56 at n. 1 (emphasis added).

*Id*. at ¶ 9. On April 29, 2008, the Court denied without prejudice the Plaintiff's Amended Motion for Summary Judgment stating that the motion was premature and that "Defendant is entitled to discovery as outlined in the affidavit". Doc. No. 25.

On May 14, 2008, the Plaintiff served Defendant with a Notice of Taking Deposition Duces Tecum of Doug Minor. Doc. No. 36-3. On May 23, 2008, Defendant filed a Motion for Douglas Minor, to appear *pro hac vice*. Doc. No. 27.[2] On June 2, 2008, the Defendant filed a Motion to Quash Plaintiff's Notice of Taking Deposition Duces Tecum of Doug Minor and Motion for Protective Order. Doc. No. 32.

The Defendant argued that the notice of deposition for attorney Minor should be quashed and a protective order entered because "any knowledge Minor posses . . . came directly from [the Defendant] by virtue of the attorney-client relationship between the two, and therefore, is protected by the attorney client privilege and/or work product doctrine." Doc. No. 32 at ¶ 3. Additionally, the Defendant argued that the Federal Rules of Civil Procedure do not contemplate or authorize discovery regarding a Rule 56(f) affidavit. *Id*. at ¶ 5.[3] Furthermore, the Defendant argued that the issue was moot because the Court had already denied Plaintiff's Amended Motion for Summary Judgment. *Id*. at ¶ 6.

In its response, the Plaintiff maintained that "[w]hile Mr. Minor's affidavit sets forth the discovery [the Defendant] contends it needs to oppose [the Plaintiff's] summary judgment motion . . ., the affidavit also contains numerous, precise, and unqualified factual allegations of wrongdoing

---

[2] The motion to appear *pro hac vice* was denied without prejudice, and a renewed motion was filed on June 2, 2008. Doc. No. 34. The renewed motion was granted on June 3, 2008. Doc. No. 35.

[3] Rule 56(f) states: "**When Affidavits are Unavailable**. If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." *Id*.

against [the Plaintiff] relating to the key issues in this case." Doc. No. 36 at 2. Plaintiff maintained because Mr. Minor's affidavit purported to be based on his personal knowledge, the Defendant chose to put those facts contained in his affidavit at issue. *Id*. Thus, the Plaintiff argued that any attorney-client objections the Defendant may have raised regarding the specific factual issues contained in Mr. Minor's affidavit were waived when it relied on Mr. Minor's affidavit to defeat Plaintiff's motion for summary judgment. Plaintiff sought to depose Mr. Minor solely on "any and all bases and grounds for . . . [the] precise statements of wrongdoing he made under oath. . . ." *Id*. at 6.

On August 11, 2008, the undersigned entered an order denying Defendant's Motion to Quash and Motion for Protective order. Doc. No. 45. The order stated that "the Defendant placed . . . facts at issue and the Plaintiff is entitled to depose attorney Minor regarding his personal knowledge of those facts." *Id*. at 4. On August 26, 2008, Defendant filed objections to the order with the district court. Doc. No. 47. On September 2, 2008, the Honorable Gregory A. Presnell entered an order overruling the Defendant's objections. Doc. No. 51. In the order, the Court stated that "the attorney-client privilege does not protect the facts underlying the affidavit of J. Douglas Minor, which was based on personal knowledge and made at the time when he was not attorney of record for [the Defendant]." *Id*.

On September 3, 2008, Mr. Minor appeared for deposition, regarding the facts set forth in his affidavit. Doc. Nos. 56 at 7, 56-3. Mr. Minor stated that he spoke with Chaise Biven, Defendant's in-house counsel, prior to completing the affidavit. Doc. No. 56-3 at 11. Mr. Minor was asked whether the affidavit was made upon his own personal knowledge, and he responded as follows:

> Well, I need to - - yes, but I need to explain that answer. . . . I understand why we're here and I understand your position. <u>And I understand that my reference at the beginning of this affidavit to the affidavit being based on my personal knowledge suggested to you, at</u>

4

> least, the possibility that I had some factual or I have some factual information about the claims and defenses in this matter. To the extent the opening of my affidavit which makes reference to my personal knowledge was confusing or misleading to you, I can only say that that is the form affidavit that I use and that I use in my practice, so that the person reading the affidavit knows that the person signing the affidavit is, in fact, doing so on their personal knowledge. While I had personal knowledge of my client's beliefs at that early stage of the litigation, that personal knowledge consisted of me getting that information from my client. I was not employed by [the Defendant] during the times underlying this lawsuit. I was not consulted as outside counsel during the events leading up to this dispute. I have no independent, factual knowledge of [Plaintiff's] claims and [Defendant's] defenses in this matter.

Doc. No. 56-3 at 13-14 (emphasis added).[4] Mr. Minor further stated the following:

> What I am saying to you is I had no knowledge of those claims - - I had no knowledge of the facts underlying those claims and defenses. The knowledge that I got, I got from my client after I received his complaints and was retained, and what you see in Paragraph 9 [of the affidavit] is that information.

*Id*. at 15 (emphasis added). Mr. Minor was then asked whether he had personal knowledge of the information contained in Paragraph 9 of his affidavit (Doc. No. 24-2), and he responded:

> I have no personal knowledge - - I'm not trying to mince words with you here. I'm trying to make you understand what I'm saying. I have no personal knowledge, to the extent you mean personal knowledge as me being there [with Defendant] in October, 2006 and receiving a watch list or having any discussions about US Bank or [Plaintiff]. I don't have any direct personal knowledge. What I have personal knowledge of is that the statements I made in this affidavit supported my belief that discovery was necessary before the court rules on the [Motion for Summary Judgment].

Doc. No. 56-3 at 15-16 (emphasis added). A brief time later Mr. Minor stated the following:

> I say, again, submitting an affidavit as a private attorney . . . it did not occur to me that you would believe I had factual involvement with this

---
[4] From his testimony it is clear Mr. Minor fully understands what personal knowledge is, as well as the importance of an affiant's representation that they have such knowledge.

5

> lawsuit. In retrospect, I wish I had explicitly told you that I did not,
> and that I was doing what lawyers do every day which is advancing the
> position of their client.

Doc. No. 56-3 at 22. In the deposition, Mr. Minor also stated that other than the bundling agreement, he reviewed no other documents before submitting the affidavit at issue. Doc. No. 56-3 at 8-9.

**A. The Motion**

On November 11, 2008, Plaintiff filed the instant Dispositive Motion for Sanctions (the "Motion"). Doc. No. 56. Pursuant to Rule 56(g), Federal Rules of Civil Procedure, 28 U.S.C. § 1927, Local Rule 2.04(a), and the Court's inherent authority, Plaintiff seeks sanctions against Defendant, Bradley Arant Rose & White LLP ("Bradley Arant"), the law firm representing Defendant, and Mr. Minor for having filed "a false affidavit with the Court," trying to cover up this wrongdoing by opposing Plaintiff's attempts to depose Mr. Minor, "stonewalling" Plaintiff's attempts to take Defendant's corporate representative deposition for four months, and withholding documents from production for several months. Doc. No. 56 at 1-3.[5] In the Motion, Plaintiff requests and order imposing one or more of following sanctions: (1) precluding Defendant from filing any opposition to Plaintiff's renewed motion for summary judgment;[6] (2) awarding Plaintiff its attorneys' fees and costs against both Defendant and/or Bradley Arant for all activity following the Court's order (Doc. No. 25) denying Plaintiff's motion for summary judgment based on Mr. Minor's affidavit; (3) awarding Plaintiff its attorneys' fees and costs against both Defendant and/or Bradley Arant for responding to the Motion to Quash and Motion for Protective Order (Doc. No. 32) and the

---

[5] On November 11, 2008, the undersigned granted in part Plaintiff's Motion to Compel (Doc. No. 41) and directed Defendant to "produce all documents . . . that it has withheld from production." Doc. No. 64. The order dealt directly with Plaintiff's allegation in the Motion that Defendant has been unnecessarily withholding documents from production. *Id.*

[6] On the same day Plaintiff filed the Motion, November 5, 2008, it also filed its renewed motion for summary judgment. Doc. No. 57. On December 8, 2008, the same day Defendant filed a response to the Motion, Defendant file a response to Plaintiff's renewed motion for summary judgment. Doc. No. 66.

appeal of the undersigned's order to the district court (Doc. No. 47); and (4) disciplining Mr. Minor, including revoking his *pro hac vice* admission (Doc. No. 34) for violating the Rules Regulating The Florida Bar. Doc. No. 56 at 2.

### B. The Response

On December 8, 2008, Defendant filed its response to the Motion (the "Response") arguing: (1) the affidavit at issue was truthful and submitted in good faith; (2) Defendant's efforts to resist the deposition of Mr. Minor were made in good faith and were proper; and (3) Defendant did not deliberately impede discovery and any delays were the result of other factors beyond Defendant's control. Doc. No. 67 at 1. In the Response, Defendant argues that Mr. Minor's affidavit "was intended only to outline the facts that [Defendant] reasonably believed would be unearthed during discovery and explain why those facts were critical to [Defendant's] defenses to [Plaintiff's] claim . . . ." Doc. No. 67 at 4. Defendant maintains that the affidavit was not intended to mislead the Court or to delay the proceedings and, therefore, the Motion should be denied. *Id*.

In the Response, Defendant makes the following arguments/statements concerning the truthfulness of Mr. Minor's affidavit:

> [The] Motion should be denied because the three bases for its contention that the Rule 56(f) affidavit is false are unsupported and wholly without merit. First, [Plaintiff] alleges the affidavit is "false and misleading with respect to it having not been made on [Mr. Minor's] personal knowledge" because several factual representations were communicated to [Mr. Minor] by [Defendant]. <u>Whatever quibble [Plaintiff] has with the opening paragraph of the affidavit, it has not established a bad faith attempt to mislead the Court</u> or to prolong the proceedings unreasonably or vexatiously. <u>At the time the affidavit was drafted [Mr. Minor] had personal knowledge of information he had received from [Defendant]</u>. . . .

7

Doc. No. 67 at 5 (emphasis added). Defendant goes on to state that "[w]hile it is clear from the saga that has ensued that the wording of the affidavit could have been drafted in a way to make this distinction clearer, any discrepancy in meaning does not make the affidavit false or sanctionable." *Id*. at 5 (citing *Hunt v. Tektronix, Inc.*, 952 F.Supp. 998 (W.D. N.Y. 1997); *In re Bilzerian*, 195 B.R. 806, 808-09 (Bankr. M.D. Fla. 1996)). Defendant concludes by stating that Plaintiff "has failed to establish a single misrepresentation in the affidavit." *Id*. at 5.

Defendant also maintains that the affidavit was not false or misleading because Paragraph 9 of the affidavit did not specifically identify Plaintiff as the source of misrepresentations to Defendant. *Id*. at 5-6. Finally, Defendant argues that the Court's denial of Plaintiff's motion for summary judgment (Doc. No. 25) was not necessarily based on Mr. Minor's affidavit. *Id*. at 6. "What is important here is that the affidavit was based on a good faith assessment of what counsel had been able to gather in the few weeks between answering the complaint and responding to the summary judgment motion. . . . " *Id*. at 7.

## II. THE LAW

Rules 56(e)-(g), Federal Rules of Civil Procedure, provide the following:

> **(e) Affidavits; Further Testimony**.
> (1) **In General.** A supporting or <u>opposing affidavit must be made on personal knowledge</u>, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
> (2) **Opposing Party's Obligation to Respond**. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, <u>its response must--by affidavits</u> or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the

> opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.
>
> **(f) When Affidavits Are Unavailable**. If a party opposing the motion <u>shows by affidavit</u> that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or <u>other discovery to be undertaken</u>; or
> (3) issue any other just order.
>
> **(g) Affidavit Submitted in Bad Faith**. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the <u>submitting party to pay the other party</u> the reasonable expenses, including attorney's fees, it incurred as a result. <u>An offending party or attorney may also be held in contempt</u>.

*Id*. (emphasis added).[7] In the Eleventh Circuit, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). "Moreover statements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment." *Ellis*, 432 F.3d at 1326 (citing *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); Fed.R.Civ.P. 56(e)). Therefore, to properly oppose a motion for summary judgment, a party must attach an affidavit made upon personal knowledge; otherwise, the opposition is meaningless.

The Eleventh Circuit has recognized, however, that summary judgment should not be granted until the nonmoving party has had a adequate opportunity for discovery. *Snook v. Trust Company of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). Furthermore, when a party

---

[7] Under plain meaning of Rule 56(g), Federal Rules of Civil Procedure, it is clear that "only a party may be ordered to pay expenses," but an offending attorney may be held in contempt. *See* Wright & Miller, *Federal Practice & Procedure* § 2742; 56(g) Fed.R.Civ.P.

9

opposes a motion for summary judgment pursuant to Rule 56(f) because further discovery is required to justify an opposition to motion, the Eleventh Circuit has held that an affidavit is not required. *Snook,* 859 F.2d 865, 871 (11th Cir. 1988) (citing *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir. 1973)).

> In this Circuit, a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in order to invoke the protection of that Rule. In *Littlejohn*, the court "[o]ut of an abundance of caution and to prevent a possible injustice," held that an affidavit was not required to invoke the protection of Rule 56(f). The court concluded that "the written representation by [plaintiff's] lawyer, an officer of the court, is in the spirit of Rule 56(f) under the circumstances. Form is not to be exalted over fair procedures."

*Snook*, 859 F.2d at 871 (quoting *Littlejohn*, 483 F.2d at 1146).

Counsel may be sanctioned under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Eleventh Circuit has held that in order for a court to justify sanctions, under 28 U.S.C. § 1927, three conditions must be satisfied:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997). An attorney's conduct meets the first of these conditions "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006) (internal quotation marks and citation omitted). "[A]n attorney's conduct must be particularly egregious to warrant the imposition of

> sanctions-the attorney must knowingly or recklessly pursue a frivolous claim ....” *Id*. at 1193. “[N]egligent conduct, standing alone, will not support a finding of bad faith under § 1927 .... For sanctions under section 1927 to be appropriate, something more than a lack of merit is required.” *Id*. (internal quotation marks and citations omitted).
>
> While an attorney's conduct must be tantamount to bad faith, “for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.” *Id*. at 1190. What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an objective standard. *Id*. “That is not to say the attorney's purpose or intent is irrelevant. Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[ ]' if it is done with a malicious purpose or intent.” *Id*. at 1192.

*Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252, 1261-62 (11th Cir. 2007).

The Court also has the inherent authority to control the proceedings before it, which includes the authority to impose "reasonable and appropriate" sanctions. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). "To exercise its inherent power a court must find that the party acted in bad faith." *Martin*, 307 F.3d at 1335.

### III.  ANALYSIS

Mr. Minor's affidavit unequivocally states that it "is based upon [his] personal knowledge." Doc. No. 24-2 at ¶ 1. Mr. Minor's deposition clarifies that the affidavit was not based on his personal knowledge but upon conversations with Defendant's in-house counsel. *See* supra pp 4-6. Mr. Minor's affidavit, therefore, contains an obvious misrepresentation to the Court. The Court is somewhat perplexed that in the Response Defendant would argue that the affidavit fails to contain a single misrepresentation. Doc. No. 67 at 5. Nonetheless, in this Circuit, a Rule 56(f) opposition to a motion for summary judgment is not required to have an affidavit and, therefore, an affidavit based

on information and belief, or information obtained from a third party would be sufficient. Thus, the issue becomes whether Mr. Minor's misrepresentation was brought in bad faith or solely for purposes of delay. After carefully reviewing the record, the undersigned finds the Defendant and Mr. Minor's conduct troubling, negligent, and warranting admonishment, but cannot find that the Defendant acted in objective bad faith.[8]

## IV. CONCLUSION

Based on the forgoing it is RECOMMENDED that the Motion (Doc. No. 56) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on March 13, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record

---

[8] However, it should be noted that Defendant could easily have mitigated the effect of the error contained in Mr. Minor's affidavit. For example, Mr. Minor could have amended his affidavit at any time. Instead of challenging the deposition of Mr. Minor based upon the attorney-client privilege, Defendant could have simply admitted the mistake. Instead of arguing in the Response that the affidavit was truthful and failed to contain a single misrepresentation, Defendant could simply have identified the misrepresentation, acknowledged its mistake or negligence in failing to amend the affidavit, and moved on. Instead, Defendant failed to admit its error and continue to prolong the issue and compound the problem it created.